| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | |
| MISS JONES, LLC,<br><br>                                      Plaintiff,<br><br>vs.<br><br>AL-VAUGHN BROWN a/k/a AL V. BROWN, MIDLAND FUNDING LLC, CREDIT ACCEPTANCE CORP., NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY PARKING VIOLATIONS BUREAU, NEW YORK CITY TRANSIT ADJUDICATION BUREAU,<br><br>                                     Defendants. | Index No. :<br><br><br>**COMPLAINT** |

Plaintiff, Miss Jones, LLC ("Plaintiff") alleges by and through its attorneys, Windels Marx Lane & Mittendorf, LLP, by way of its Complaint against the defendants as follows:

## NATURE OF THE ACTION

1. This is an action to foreclose a mortgage encumbering property located at Block 4719, Lot 56 in the County of Kings, City and State of New York, more commonly known as 997 Schenectady Avenue, Brooklyn, New York, and which is more particularly described and identified by the legal metes and bounds description of the land included and improvements thereon described in Schedule A annexed hereto and made a part hereof (the "Mortgaged Property" or "Property").

## THE PARTIES

2. Plaintiff, Miss Jones LLC, is a limited liability company with an address at 104 SE 8th Avenue, Fort Lauderdale, Florida 33301.

3. Plaintiff is the holder of the Note and Mortgage (defined below).

4. Defendant Al-Vaughn Brown a/k/a Al V. Brown, is a natural person and a New York resident, having an address at 997 Schenectady Avenue, Brooklyn, New York and is the owner of the Mortgaged Property.

5. Defendant Midland Funding LLC, having an address at 8875 Aero Drive, Suite 200, San Diego, California, has an interest in the Property as a judgment creditor.

6. Defendant Credit Acceptance Corp., having an address at 25505 W 12 Mile Road, Suite 3000, Southfield, Michigan, has an interest in the Property as a judgment creditor.

7. Defendant New York City Environmental Control Board, having an address at 59-17 Junction Boulevard, Corona, New York, has an interest in the Property as a judgment creditor.

8. Defendant New York City Transit Adjudication Bureau, having an address at 29 Gallatin Place, 3rd Floor, Brooklyn, New York, has an interest in the Property as a judgment creditor.

9. The above-named defendant ("Defendant") has, claims to have, or may claim to have some interest in or lien upon the Mortgaged Property or some part thereof, and any such lien or interest is subject and subordinate to, the lien of the Mortgage.

## JURISDICTION

10. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. §1332 because there is complete diversity jurisdiction.

11. All named Defendants to this action are of diverse citizenship to Plaintiff:

   (A) Defendant Al-Vaughn Brown a/k/a Al V. Brown is a domiciliary of the State of New York.

   (B) Defendant Midland Funding LLC is a domiciliary of the State of California.

   (C) Defendant Credit Acceptance Corp. is a domiciliary of the State of Michigan.

(D) Defendant New York City Environmental Control Board is a domiciliary of the State of New York.

(E) Defendant New York City Transit Adjudication Bureau is domiciliary of the State of New York.

(F) Plaintiff's member is domiciled in the State of Florida. (see 28 U.S.C. § 1332).

12. The amount in controversy exceeds the sum or value of $75,000.00, in that the amount in controversy herein is $123,407.31, the unpaid principal balance of the loan plus amounts due pursuant to the note and mortgage (defined below).

## VENUE

13. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) as the named defendant to this action resides in the State of New York.

14. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of the events and omissions giving rise to the claims in this action occurred in this District and the Mortgaged Property which is the subject matter of the action is wholly situate in this District.

## THE LOAN TRANSACTION

15. On or about June 15, 2005, defendant Al-Vaughn Brown a/k/a Al V. Brown ("Mortgagor") executed and delivered to Long Beach Mortgage Company ("LBMC") its successors and/or assigns, a promissory note evidencing a loan made to Mortgagor in the principal amount of seventy four thousand nine hundred twenty two and 00/100 dollars ($74,922.00) with interest as provided therein.

16. On or about June 15, 2005, Mortgagor duly executed, acknowledged, and

delivered a mortgage to LBMC, for the purpose of securing payment of the indebtedness set forth in the Note.

17. On July 28, 2005, the Mortgage was duly recorded in the Office of the City Register of the City of New York at City Register File No. ("CFRN") 2005000421104 and the requisite mortgage recording tax and all other fees were duly paid thereon.

18. On June 24, 2005, the Mortgage was assigned to Mortgage Electronic Registration Systems, Inc. ("Assignment No. 1").

19. On July 18, 2006, Assignment No. 1 was recorded in the Office of the City Register of the City of New York at CFRN No. 2006000406005.

20. On December 6, 2006, the Mortgage was assigned to GMAC Mortgage Corporation d/b/a ditech.com ("Assignment No. 2").

21. On January 16, 2007, Assignment No. 2 was recorded in the Office of the City Register of the City of New York at CFRN No. 2007000029374.

22. On February 25, 2014, the Mortgage was assigned to Roundpoint Mortgage Servicing Corporation ("Assignment No. 3).

23. On March 17, 2014, Assignment No. 3 was recorded in the Office of the City Register of the City of New York at CFRN No. 2014000091073.

24. On October 7, 2014, the Mortgage was assigned to DBI/ASG Mortgage Holdings, LLC ("Assignment No. 4).

25. On October 23, 2014, Assignment No. 4 was recorded in the Office of the City Register of the City of New York at CFRN No. 2014000353666.

26. On September 22, 2016, the Mortgage was assigned to Plaintiff ("Assignment No. 5").

27. On December 9, 2016, Assignment No. 5 was recorded in the Office of the City Register of the City of New York at CFRN No. 2016000435587.

28. The Note was transferred to Plaintiff.

29. The Mortgage constitutes a valid and binding first lien on the Mortgaged Property enforceable in accordance with its terms, with priority superior in right to that of any other party.

30. To-date, Plaintiff remains the owner and holder of the Note and Mortgage.

## OTHER TERMS OF THE LOAN DOCUMENTS

31. The Note and Mortgage state that if the Mortgagor does not pay the full amount of each monthly payment on the date it is due, she will be in default. In such an event, the holder of the Mortgage may send a notice of default to the Mortgagor, letting her know that the overdue amount must be paid by a certain date.

32. The Note and Mortgage further provide that the holder of the Mortgage may accelerate the entire principal amount outstanding and accrued interest in the event the Mortgagor fails to pay the overdue amount by the time set out in the notice of default.

33. Paragraph 4(B) of the Note titled "Notice from Note Holder" states that:

> If I do not pay the full amount of each payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.

34. Paragraph 20 of the Mortgage entitled "Lender's Rights if Borrower Fails to Keep Promises and Agreements." This paragraph states, in pertinent part,:

> … [I]f all of the conditions stated in subsections (A), (B) and (C) of this Paragraph 20 are satisfied, Lender may require that [Mortgagor] pay immediately the entire amount then remaining unpaid under the Note and under this Mortgage. Lender may do

this without making any further demand for payment. This requirement is called 'Immediate Payment in Full.'

If Lender requires Immediate Payment in Full, Lender may bring a lawsuit to take away all of [Mortgagor's] remaining rights in the Property and to have the Property sold. At this sale Lender or another person may acquire the Property. This is known as 'foreclosure and sale.'. .

Lender may require Immediate Payment in Full under this Paragraph 20 only if all of the following conditions are met:

(A) [Mortgagor] fail[s] to keep any promise or agreement made in this Mortgage, including the promises to pay when due the amounts that [Mortgagor] owe to Lender under the Note and under this Mortgage; and

(B) Lender gives to me, in the matter described in Paragraph 15 above, a notice that states:

   (i) The promise or agreement that [Mortgagor] failed to keep;

   (ii) The action that [Mortgagor] must take to correct that failure;

   (iii) A date by which [Mortgagor] must correct the failure. That date will be at least 10 days from the date on which the notice is mailed to [Mortgagor];

   (iv) That if [Mortgagor] do[es] not correct the failure by the date stated in notice, I will be in default and Lender may require Immediate Payment in Full, and Lender or another Person may acquire the Property by means of foreclosure and sale;

   (v) That if [Mortgagor] meet[s] the conditions stated in paragraph 21 below, [Mortgagor] will have the right to have any lawsuit for foreclosure and sale discontinued and to have the Note and this Mortgage remain in full force and effect as if Immediate Payment in Full had never been require; and

   (vi) That [Mortgagor] ha[s] the right in any lawsuit for foreclosure and sale to argue that [Mortgagor] did not fail to keep any of [Mortgagor's] promises or agreements under the Note or under this Mortgage, and to present any other defenses that [Mortgagor] may have; and

(C) [Mortgagor] do[es] not correct the failure stated in the notice from Lender by the date stated in that notice.

## DEFAULT AND NOTICES

35.    On January 16, 2011, Mortgagor failed to comply with the terms and provisions

of the Note and Mortgage by failing to make the monthly installment payment due on that day comprising principal, interest and other sums required by the Note and Mortgage and by failing to make all subsequent monthly installment payments due thereafter.

36. On August 9, 2016, pursuant to the provisions of the Mortgage, a notice compliant in all respects with the requirements of notice enumerated in Paragraph 15 (entitled "Agreement About Giving Notices Required Under This Security Mortgage") of the Mortgage, and Paragraph 20 of the Mortgage (as alleged above), were sent to Mortgagor, notifying Mortgagor of his failure to make the payments and setting forth each of the other matters required by Paragraph 20 of the Mortgage to be set forth therein.

37. On August 9, 2016, pursuant to the provisions of New York Real Property Actions and Proceedings Law (hereinafter "RPAPL") §1304, ninety (90) day pre-foreclosure notices were sent to Mortgagor.

38. Pursuant to the provisions of RPAPL §1306, Plaintiff timely filed a copy of the ninety (90) day pre-foreclosure notices with the New York State Department of Financial Services.

39. The default alleged above constitutes Mortgagor's failure to keep the promises and agreements made in the Note and Mortgage, and has not been cured, notwithstanding the notifications sent and filed.

40. Mortgagor's default continues through the date of this Complaint, unabated.

## ACCELERATION AND FORECLOSURE

41. Plaintiff therefore elects, and hereby elects, to declare the entire balance of the principal indebtedness and all interest and other charges due under said Note and Mortgage

{11306825:1}

7

immediately due and payable.

42. As of August 9, 2016, there was due and owing to Plaintiff the sum of $123,407.31, including unpaid principal, interest and additional amounts due under the Note and Mortgage, together with accrued late charges and related expenses incurred in protecting Plaintiff's security in the amount as shall be computed by the Court or a Referee.

43. Pursuant to the provisions set forth in the Mortgage, Plaintiff also seeks recovery of all reasonable attorneys' fees incurred in connection with this foreclosure action.

44. During the pendency of this action, in order to protect its security, Plaintiff may be compelled to pay taxes, assessments, water rates, insurance premiums, and/or other charges affecting the Mortgaged Property, and Plaintiff requests that any sums so paid by it shall be added to the sum otherwise due herein, and be deemed secured by the Note and Mortgage and adjudged a valid lien upon the Mortgaged Property.

45. No other action has been commenced at law or otherwise that is still pending for recovery of the monies or any part thereof evidenced by the Note and secured by the Mortgage.

46. In the event Plaintiff possesses any other lien(s) against the Mortgaged Property, either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's claim(s) set forth in this Complaint, but that Plaintiff enforces said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including without limitation, any surplus money proceedings following a foreclosure sale in this matter.

47. Plaintiff requests that in the event that this action proceeds to judgment of foreclosure and sale, the Mortgaged Property be sold, subject to the following:

    a. Any state of facts that an inspection of the Mortgaged Property would disclose;
    b. The state of facts that surveys of the Mortgaged Property might disclose;

  c. Sums, if any, of real estate taxes, and assessments, water, sewer, and vault charges, with interest and penalties, including lien and certificate sales for delinquent items, unless paid from the proceeds of the foreclosure sale;
  d. Covenants, reservations, restrictions, easements and public utility agreements of record, if any;
  e. Building and zoning ordinances of the municipalities in which the Mortgaged Property are located and possible violations of same;
  f. All rights of tenants or persons in possession of the Mortgaged Property other than tenants, if any, named as defendants in this action;
  g. Any equity of redemption of the United States of America, to redeem the Mortgaged Property or any part thereof after the date or sale; and
  h. Prior liens of record prior to the Mortgage, if any.

48. If it becomes necessary to protect the security and the lien of the Mortgage and its priority and the rights of a purchaser at the foreclosure sale, for Plaintiff to pay taxes, assessments, vault charges, water and sewer charges, plus interest and penalties thereon, that are or may become liens upon the Mortgaged Property (including purchase and/or redemption of liens and certificates sold at tax sales), taxes, and other charges that must be paid as a prerequisite to recording the referee's deed in foreclosure, premiums of insurance policies and other charges, costs of service, repairs, and maintenance incurred for protection of the security, then Plaintiff hereby demands that any monies that may so be expended shall be added to the amount evidenced and secured by the Mortgage, or any judgment of foreclosure and sale entered herein, together with interest thereon from the time of such payment and that the same be paid to Plaintiff from the proceeds of the foreclosure sale herein.

49. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made, by reason of payment after the date of the commencement of this action, or by reason of any attempt to cure any or all of the defaults mentioned herein; such election shall continue and remain effective until the costs and disbursements of this action, and any and all present and future defaults under the Note and Mortgage, occurring prior to the discontinuance of this action, are fully paid and cured.

**WHEREFORE**, Plaintiff demands judgment that Defendants and all persons claiming under them subsequent to the commencement of this action and the filing of a notice of pendency thereof, may be forever barred and foreclosed of and from all estate, right, title, interest, claim, lien or equity of redemption of, in and to the Mortgaged Property and each and every part and parcel thereof; that the Mortgaged Property may be decreed to be sold in one parcel subject to the matters set forth herein, and that the monies arising from such sale may be brought into Court; that Plaintiff may be paid the amount due upon the said Note and Mortgage as hereinbefore set forth, with interest to the time of such payment, and the expenses of such sale, together with the costs, allowances and disbursements of this action, and together with any monies advanced and paid pursuant to any term or provision of the Note and Mortgage or to protect the lien of Plaintiff's Mortgage, with interest upon the said amounts from the dates of the respective payments and advances thereof, and Plaintiff's reasonable attorney's fees and costs, so far as the amount of such monies properly applicable thereto will pay the same, that Defendant Al-Vaughn Brown a/k/a Al V. Brown may be adjudged to pay any deficiency remaining after the application of such monies as aforesaid, and that Plaintiff may have such other and further relief herein as may be just and proper.

Dated:   New York, New York
        February 16, 2017

                                            **WINDELS MARX LANE & MITTENDORF, LLP,**

                                            By: _____
                                                      Andrew L. Jacobson, Esq.
                                                      156 West 56th Street
                                                      New York, New York 10019
                                                      (212) 237-1000
                                                      *Attorneys for Plaintiff Miss Jones, LLC.*

## SCHEDULE A

### Legal Description

**Block 4719 and Lot 56**

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the Easterly side of Schenectady Avenue, distant 220 feet Northerly from the corner formed by the intersection of the Easterly side of Schenectady Avenue with the Northerly side of Tilden Avenue;

RUNNING THENCE Easterly parallel with Tilden Avenue and part of the distance through a party wall, 100 feet;

THENCE Northerly parallel with Schenectady Avenue, 19.79 feet;

THENCE Westerly, 100.07 feet to the Easterly side of Schenectady Avenue at a point therein, distant 23.50 feet Northerly to the point of beginning;

THENCE Southerly along the Easterly side of Schenectady Avenue, 23.50 feet to the point or place of BEGINNING

**Premises known as 997 Schenectady Avenue, Brooklyn, New York**

## SCHEDULE B

| | |
|---|---|
| New York City Environmental Control Board | Holder of possible judgment against Al Vaughn Brown a/k/a Al V. Brown (see below). |
| New York City Parking Violations Bureau | Holder of possible judgment against Al Vaughn Brown a/k/a Al V. Brown (see below). |
| New York City Transit Adjudication Bureau | Holder of possible judgment against Al Vaughn Brown a/k/a Al V. Brown (see below). |

For BROWN, AL

| # | Name | Address | J-# | J-Amt | J-Int | Plt or Sum St |
|---|---|---|---|---|---|---|
| 1 | BROWN ALBERT | 15714 115TH RD, JAMAICA NY, 11434 | 1 | 125 | 64.73 | EJU6433 |
| 2 | BROWN ALBERT | 15714 115TH RD, JAMAICA NY, 11434 | 2 | 230 | 113.84 | FAR7363 |
| 3 | BROWN ALBERT A | 17521 88TH AVE # 1-D, JAMAICA NY, 11432 | 2 | 250 | 148.05 | CRE4540 |
| 4 | BROWN ALBERT L | 504 E 91ST ST, BROOKLYN NY, 11236 | 3 | 315 | 70.74 | GCM5634 |
| 5 | BROWN ALBERT R | 214 SUNSET BLVD, BRONX NY, 10473 | 3 | 355 | 227.89 | DXW3645 |
| 6 | BROWN ALBERT W | 118-36 202SY, SAINT ALBANS NY, 11412 | 1 | 75 | 52.04 | DLY9929 |
| 7 | BROWN ALBERTO | 11650 204TH ST, SAINT ALBANS NY, 11412 | 2 | 190 | 56.00 | ERZ5959 |

Data Loaded: 3/23/2016

For BROWN, AL

| # | Respondant Name | Address | Order Date | Notice Date | Docket Date | Balance Due | Satisf/Vacat |
|---|---|---|---|---|---|---|---|
| 1 | BROWN, AL - VAUGHN | 997 SCHENECTADY AVENUE BROOKLYN NY 11203 | 01/26/15 | 03/12/15 | 04/15 | $25.00 | |
| | | Violation Number: 0186059821 | | | | | |

Data Loaded: 4/19/2016

{11306825:1}                                    12

For BROWN, AL

| # | Name | Violation Num. | DLN | Issue Date | Flk Date | NlJ Date | Birth Date | Orig. Amt. | Curr. Amt. | Aft. Amt. |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | ALBERTO O BROWN | 100746443 | 64880357 | 12/6/2008 | 3/30/2009 | 2/5/2009 | 3/20/1990 | $150.00 | $204.68 | |

Address: 412 VANSICLEN AVE BROOKLYN NY 112070000

Data Loaded: 4/18/2016

## NOTICE PURSUANT TO THE FAIR DEBT COLLECTIONS PRACTICES ACT, 15 U.S.C. SECTION 1692 AS AMENDED

1. There is, as of August 9, 2016, due and owing pursuant to the promissory note and mortgage as modified, as described in the Complaint, the aggregate sum of $123,407.31, for unpaid principal balance and amounts due after default, plus accrued unpaid interest, escrow/impound shortages or credits, late charges, legal fees/costs and miscellaneous charges and disbursements, which are not included in the above sum. Per Diem interest continues to accrue, in addition to other sums.

2. The Plaintiff is the creditor to whom the debt is owed.

3. The debt described in the Complaint attached hereto will be assumed to be valid by the Creditor's law firm, unless the debtor, within thirty (30) days after the receipt of this notice, disputes, in writing, the validity of the debt or some portion thereof.

4. If the Debtor notifies the Creditor's law firm in writing within thirty (30) days of the receipt of this notice that the debt or any portion thereof is disputed, the Creditor's law firm will obtain verification of the debt and a copy of the verification will be mailed to the Debtor by the Creditor's law firm.

5. If the Creditor that is named as the assignee (holder) of the Mortgage in the attached complaint is not the original creditor, and if the Debtor makes written request to the Creditor's law firm within thirty (30) days from the receipt of this notice, the name and address of the original creditor will be mailed to the Debtor by the Creditor's law firm.

6. Written request should be addressed to the attorney whose signature, name and address appear below.

7. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

Dated: New York, New York
February 16, 2017

**WINDELS MARX LANE & MITTENDORF, LLP**

By: _____
Andrew L. Jacobson, Esq.
156 West 56th Street
New York, New York 10019
(212) 237-1000
*Attorneys for Plaintiff Miss Jones, LLC*

{11306825:1}                    14