UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
MISS JONES LLC,                                            :
                                                          :
                          Plaintiff,                      :
                                                          :        **REPORT AND RECOMMENDATION**
                   -against-                              :
                                                          :        17 Civ. 898 (NGG) (VMS)
AL-VAUGHN BROWN; MIDLAND FUNDING                         :
LLC; CREDIT ACCEPTANCE CORP.; NEW YORK                   :
CITY ENVIRONMENTAL CONTROL BOARD;                        :
NEW YORK CITY PARKING VIOLATIONS                         :
BUREAU; and NEW YORK CITY TRANSIT                        :
ADJUDICATION BUREAU,                                     :
                                                          :
                          Defendants.                     :
---------------------------------------------------------------- X

**Scanlon, Vera M., United States Magistrate Judge:**

Plaintiff Miss Jones LLC ("Miss Jones") brought this diversity action against Defendants

Al-Vaughn Brown ("Mr. Brown"), Midland Funding LLC, Credit Acceptance Corp., New York

City Environmental Control Board ("ECB"), New York City Parking Violations Bureau[1] and

New York City Transit Adjudication Bureau ("TAB") (collectively, "Defendants") to foreclose a

mortgage encumbering property located at 997 Schenectady Avenue, Brooklyn, New York (the

"Property").  See generally Compl. ¶ 1, ECF No. 1.  Before this Court on referral from the

Honorable Nicholas G. Garaufis is Plaintiff's motion for default judgment against Defendants

pursuant to Federal Rule of Civil Procedure 55(b) and Local Civil Rule 55.2.  See ECF Nos. 32-

35.  For the reasons stated herein, the Court respectfully recommends that Plaintiff's motion for

default judgment be granted in part and denied in part.

---

[1] Plaintiff voluntarily dismissed this action as against the New York City Parking Violations
Bureau on or about September 6, 2019, obviating the need to discuss that entity further herein.
See ECF No. 36.

1

## I.     BACKGROUND

The following facts are derived from the Complaint ("Compl."), ECF No. 1; Plaintiff's moving papers and documents in support of its Motion for Default Judgment, including copies of the Note signed by Defendant Al-Vaughn Brown and Assignment of the Mortgage, ECF No. 35, et seq.; and Plaintiff's Status Report Concerning Standing and New York Real Property Actions & Proceedings Law ("RPAPL") § 1304, ECF No. 42.  Facts relating to the procedural history of the case are drawn from the docket.

### A.  Factual Background

Plaintiff Miss Jones, a Florida limited liability company with its principal place of business located in Fort Lauderdale, Florida, is the holder of the Note secured by the Mortgage on the Property.  Compl. ¶¶ 2-3.  Defendant Al-Vaughn Brown is a citizen of the State of New York and the owner of the Property.  Id. ¶ 4.  Defendants ECB and TAB are New York City agencies that hold liens encumbering the property.  Id. ¶¶ 7-8.  Defendants Midland Funding LLC and Credit Acceptance Corp. are California and Michigan entities respectively that hold liens encumbering the property.  Id. ¶¶ 5-6.

On June 15, 2005, Mr. Brown executed a note to Long Beach Mortgage Company promising to pay $74,922.00 plus interest as provided therein (the "Note").  Compl. ¶ 15; Note, ECF No. 35-7 pp. 4-6.  As security for the payment of the Note, Mr. Brown executed a mortgage on the Property (the "Mortgage"), which was recorded with the New York City Registrar on July 28, 2005.  Compl. ¶ 17; Mortgage, ECF No. 35-7 pp. 8- 15.  On June 24, 2005, Long Beach Mortgage Company assigned the Note and Mortgage, and all other related documents (collectively, the "Loan Documents") to Mortgage Electronic Registration Systems, Inc.

2

("MERS"), and recorded same with the New York City Registrar on July 18, 2005.  Compl. ¶¶ 18-19; see also ECF No. 35-7 p. 20.  On December 6, 2006, MERS assigned the Loan Documents to GMAC Mortgage Corporation d/b/a Ditech.com, and recorded same with the New York City Registrar on January 16, 2007.  Compl. ¶¶ 20-21; see also ECF No. 35-7 p. 20.  On February 25, 2014, GMAC Mortgage Corporation d/b/a ditech.com assigned the Loan Documents to Roundpoint Mortgage Servicing Corporation and recorded same with the New York City Registrar on March 17, 2014.  Compl. ¶¶ 22-23; ECF No. 35-7 p. 20.  On October 7, 2014, Roundpoint Mortgage Servicing Corporation assigned the Loan Documents to DBI/ASG Mortgage Holdings, LLC and recorded same with the New York City Registrar on October 23, 2014.  Compl. ¶¶ 24-25; ECF No. 35-7 p. 20.  On April 21, 2016, Plaintiff's prior counsel, law firm Wendels Marx Lane and Mittendorf, LLC (subsequently incorporated in relevant part into Bronster LLP, ECF No. 42-1 ¶ 1), took physical possession of the Note on behalf of Plaintiff. ECF No. 41-1 ¶¶ 1-4.  On September 22, 2016, DBI/ASG Mortgage Holdings, LLC assigned the Loan Documents to Plaintiff, as recorded with the New York City Registrar on December 9, 2016.  Compl. ¶¶ 26-27; Assignment documents, ECF No. 35-7 pp. 17-20.

Beginning on January 16, 2011, Mr. Brown failed to make the monthly installment payments required under the terms of the Note and Mortgage.  Compl. ¶ 35.  On August 9, 2016, a notice was sent to Mr. Brown notifying him of his default.  Id. ¶ 36.  On that same day, Plaintiff, through its servicer, SN Servicing Corp. ("SNSC"), and pursuant to RPAPL § 1304, sent a 90-day pre-foreclosure notice to Mr. Brown.  Id. ¶ 37; ECF No. 41-2 ¶¶ 1-6. Plaintiff also subsequently filed a notice with the New York State Department of Financial Services pursuant to RPAPL § 1306.  Id. ¶¶ 38.

### B.  Procedural Background

Plaintiff filed the present action against Defendants on February 16, 2017.  See generally, Compl.  Thereafter, Plaintiff filed summonses returned executed pertaining to each Defendant. ECF Nos. 15, 17-20.

After Defendants failed to respond to the Complaint or otherwise appear, the Clerk of Court entered default against Defendants at Plaintiff's request.  Request for Certificate of Default, ECF No. 20; Clerk's Entry of Default, ECF No. 21.  Plaintiff then filed its first motion for default judgment, which it subsequently withdrew without prejudice.  See ECF Nos. 26-31. Plaintiff thereafter filed the instant default judgment motion.  See ECF No. 35, et seq.  Plaintiff seeks an order directing the Clerk of Court to enter default judgment against Defendants, and for a judgment of foreclosure and sale.  Id.  This Court thereafter directed Plaintiff to supplement its filings to indicate when it came into possession of the Note so as to ensure Plaintiff's compliance with RPAPL § 1304 and its standing to issue the § 1304 notice  See ECF Nos. 39, 42.  As of the date of this report and recommendation, Defendants have not appeared in this action.  See generally Dkt.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 55 establishes a two-step procedure by which a party may obtain a default judgment.  See Bricklayers & Allied Craftworkers Local 2, Albany, NY Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 186 (2d Cir. 2015) (citing Fed. R. Civ. P. 55); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993).  First, if a party has failed to plead or otherwise defend against an action, the clerk of court must enter a certificate of default by making a notation on the record.  See Fed. R. Civ. P. 55(a).  Second,

after this entry of default, if the defaulting party still fails to appear or move to set aside the default, the court may enter a default judgment if the complaint is well-pleaded.  See Fed. R. Civ. P. 55(b).  The trial court has "sound discretion" to grant or deny a motion for default judgment. See Enron Oil, 10 F.3d at 95.  In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored," and doubts should be resolved in favor of the defaulting party.  Id. at 95-96 (recognizing "the responsibility of the trial court to maintain a balance between clearing its calendar and affording litigants a reasonable chance to be heard").

The court must therefore ensure that (1) Plaintiff completed each of the required procedural steps to move for default judgment pursuant to Local Civ. R. 55.2(c); and (2) Plaintiff's allegations, when accepted as true, establish liability as a matter of law.  See SAC Fund II 0826, LLC v. Burnell's Enter., Inc., 18 Civ. 3504 (ENV) (PK), 2019 U.S. Dist. LEXIS 193952, 2019 WL 5694078, at *4 (Sept. 7, 2019), R & R adopted, 2019 U.S. Dist. LEXIS 197737, 2019 WL 5956526 (E.D.N.Y. Nov. 13, 2019) (citing Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009)); see Bhagwat v. Queens Carpet Mall, Inc., 14 Civ. 5474 (ENV) (PK), 2017 U.S. Dist. LEXIS 192728, 2017 WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017) ("A motion for default judgment will not be granted unless the party making to motion adheres to all of the applicable procedural rules.").

## III.    SERVICE

"A default judgment is ordinarily justified where a defendant fails to respond to the complaint." SEC v. Anticevic, No. 05 Civ. 6991 (KMW), 2009 U.S. Dist. LEXIS 111008, at *6 (S.D.N.Y. Nov. 30, 2009) (citing Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir. 1984)). "Among other things, the moving party must demonstrate that entry of default is appropriate, which requires a showing that the nonappearing party was effectively served with process." Sik Gaek, Inc. v. Yogi's II, Inc., 682 F. App'x 52, 54 (2d Cir. 2017) (citing 10A Charles Alan Wright, et al., Fed. Prac. & Proc. § 2682 (4th ed.)); see Local Civil Rule 55.1 ("A party applying for entry of default under Fed. R. Civ. P. 55(a) shall file: . . . an affidavit demonstrating that . . . the pleading to which no response has been made was properly served."); Aspex Eyewear, Inc. v. Cheuk Ho Optical Int'l Ltd., No. 00 Civ. 2389 (RMB), 2005 U.S. Dist. LEXIS 35011, 2005 WL 3501900, at *1 (S.D.N.Y. Dec. 21, 2005) ("A default judgment obtained by way of defective service is void ab initio and must be set aside as a matter of law.") (quotations omitted).

Pursuant to Rule 4(e)(1), service may be effected in accordance with the service rules of the state where the district is located or service is made. Section 308(2) of the New York Civil Practice Law and Rules ("NYCPLR") permits personal service based on delivery of the summons and complaint "within the state to a person of suitable age and discretion at the . . . dwelling place or usual place of abode of the person to be served and by . . . mailing the summons to the person to be served at his or her last known residence . . . such delivery and mailing to be effected within twenty days of each other . . . [and] proof of such service shall be

filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later . . . . "  NYCPLR § 308(2).

Here, Plaintiff served Mr. Brown with notice of this action by delivering the summons and complaint, a notice pursuant to RPAPL § 1303, and a certificate of merit to his last known address (the Property); by leaving the aforementioned documents with a person of suitable age and discretion who identified themselves as a co-tenant at Mr. Brown's "actual . . .  dwelling place or usual place of abode . . . .";[2] by mailing a copy of the aforementioned documents by first class within twenty days; and timely filing proof of service with the Court thereafter.  See Summons Returned, ECF No. 18.  Mr. Brown was thus properly served under NYCPLR § 308(2) and Rule 4(e)(1).

Plaintiff also served corporate defendants Midland Funding LLC and Credit Acceptance Corp. properly pursuant to New York Business Corporation Law § 306(b)(1).  That rule allows for service of process on the Secretary of State as the agent of domestic corporations.  See Summonses Returned Executed, ECF Nos. 17, 19.

NYCPLR § 311(a)(2) provides that service "upon the city of New York" is to be made "to the corporation counsel or to any other person designated to receive process in a writing filed in the office of the clerk of New York county."

---

[2] Although the Property is described as "two family" residence (see, e.g., ECF No. 35-7, p. 8), there is no evidence in the record to suggest that the Property was, at any relevant time, subdivided into separate apartments bearing separate or subdivided addresses.  This Court therefore concludes that the "co-tenant" was indeed "a person of suitable age and discretion" at Mr. Brown's "actual . . . dwelling place or usual place of abode . . ." rather than a neighbor, who would have occupied a separate apartment or dwelling place.

7

Plaintiff served defendant Environmental Control Board by serving the New York City

Corporation Counsel at 100 Church Street, New York, New York, an authorized agent of the

ECB.[3]  ECF No. 14 p. 2.

As to the Transit Authority Bureau, that entity is not a New York City agency but "an

arm of the Metropolitan Transit Authority [], a public-benefit corporation," Assets Recovery Ctr.

Invs., LLC v. Smith, No. 13 Civ. 253 (CBA) (CLP), 2014 WL 3525011, at *12 (E.D.N.Y. Mar.

12, 2014) (declining to enter a default judgment against the Transit Bureau when service was

made on Corporation Counsel), R & R adopted, 2014 WL 3528460 (E.D.N.Y. July 15, 2014);

see Angus Partners LLC v. Walder, 52 F. Supp. 3d 546, 551 (S.D.N.Y. 2014) ("The MTA is a

public-benefit corporation and was chartered by the New York State Legislature in 1965.").  Per

NYCPLR § 311(a)(1), personal service upon "any domestic [] corporation" may be made upon

"an officer, director, managing or general agent . . . or to any other agent authorized by

appointment or by law to receive service."  NYCPLR § 311(a)(1); see N.Y. Gen. Constr. Law §

---

[3] The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law."  N.Y.C. Admin. Code & Charter Ch. 16 § 396; see Radin v. Tun, No. 12 Civ. 1393 (ARR) (VMS), 2015 WL 4645255, at *6 (E.D.N.Y. Aug. 4, 2015).  Service "upon the city of New York" is to be made "to the corporation counsel or to any other person designated to receive process in a writing filed in the office of the clerk of New York county."  NYCPLR § 311(a)(2); see Fed. R. Civ. P. 4(j)(2).

Here, Plaintiff did not name the City of New York as a defendant.  Instead, Plaintiff named the ECB which, to the extent it is a New York City agency, is not a suable entity.  Nevertheless, "[w]hen claims 'are brought against non-suable entities,' the [c]ourt may construe them 'as brought against the City of New York.'"  Alleva v. N.Y.C. Dep't of Investigation, 696 F. Supp. 2d 273, 276 n.2 (E.D.N.Y. 2010), aff'd, 413 F. App'x 361 (2d Cir. 2011) (quoting Thompson v. Grey, No. 08 Civ. 4499 (JBW), 2009 WL 2707397, at *5 (E.D.N.Y. Aug. 26, 2009), aff'd, 385 F. App'x 54 (2d Cir. July 20, 2010)).  Thus, Plaintiff's claims against the ECB are construed as against the City of New York, which received notice of this action through service on an authorized agent.

66(1), (4), (14) (defining a public-benefit corporation as a type of public corporation, and explaining that all corporations incorporated by or under the laws of the State of New York are domestic corporations). "In tendering service, the process server may rely upon the corporation's employees to identify the individuals authorized to accept service," as long as this reliance is "reasonable." Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2002).

Here, Plaintiff served the Transit Authority Bureau at 130 Livingston Street, Brooklyn, New York. ECF No. 15. The process server reasonably relied on the representative's assertion that she was authorized to accept service on behalf of TAB. Id. In sum, the Court recommends finding that service on Defendants was sufficient.

## IV. Plaintiff Complied With Local Rule 55.2

Local Rule 55.2 of the United States District Courts for the Southern and Eastern Districts of New York sets forth certain additional requirements for parties seeking default judgment. Specifically, and in pertinent part, "the party seeking a judgment by default shall apply to the Court as described in Fed. R. Civ. P. 55(b)(2), and shall append to the application (1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment." Local Civ. R. 55.2(b).

Local Civil Rule 55.2(c) also requires that "all papers submitted to the Court" in support of a motion for default judgment "shall simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual)." Local Civ. R. 55.2(c). "Proof of such mailing shall be filed with the Court." Id. "It is important that

individuals be given notice that a party is asking the Court to enter a default judgment against them. The Eastern District has determined that the best way to ensure such notice is provided is to require that a motion be served on the individual's residence." Miss Jones, LLC v. Viera, 18 Civ. 1398 (NGG) (SJB), 2019 U.S. Dist. LEXIS 19510, at *12, 2019 WL 926670, at *4 (Feb. 5, 2019), R & R adopted, 2019 U.S. Dist. LEXIS 30368, 2019 WL 955279 (E.D.N.Y. Feb. 26, 2019).

Here, Plaintiff provided the Clerk's certificate of default, a copy of the claim, and a proposed form of default judgment in connection with the instant motion.[4] See ECF Nos. 35-2, 35-5, 35-6. Plaintiff also filed an affidavit of service with the Court at ECF No. 35-10, confirming that it served the within notice of motion for a default judgment and supporting documents on Mr. Brown at the Property, defendants Midland Funding, Credit Acceptance Corp., ECB and TAB at the addresses alleged in the Complaint. Compare ECF No. 35-10, with Compl. ¶¶ 4-8. The Court recommends finding that the requirements of Local Rule 55.2 have been met.

**V.    The Factors Relevant To A Default Judgment Are Satisfied**

When considering whether to grant a default judgment, a court must be "guided by the same factors [that] apply to a motion to set aside entry of a default." First Mercury Ins. Co. v. Schnabel Roofing of Long Island, Inc., 10 Civ. 4398 (JS) (AKT), 2011 WL 883757, at *1 (E.D.N.Y. Mar. 11, 2011); see Enron Oil, 10 F.3d at 96. These factors include: (1) whether the default was willful; (2) whether ignoring the default would prejudice the opposing party; and (3)

---

[4] This proposed form of default judgment contains typographical errors which erroneously indicate that Plaintiff may seek to recover against "defendant Paul Hoffman" and refers to the Property as 1997 Schenectady Avenue, rather than 997 Schenectady Avenue. ECF No. 35-6 p. 7.

whether the defaulting party has presented a meritorious defense.  See Swarna v. Al-awadi, 622 F.3d 123, 142 (2d Cir. 2010); Enron Oil, 10 F.3d at 96.

As to the first factor, a defendant's failure to respond to the complaint after service is sufficient to demonstrate willfulness.  See Bds. of Trs. v. Frank Torrone & Sons, Inc., No. 12 Civ. 3363 (KAM) (VMS), 2014 U.S. Dist. LEXIS 22282, 2014 WL 647098, at *4 (Feb. 3, 2014) (the defendant's non-appearance and failure to respond equated to willful conduct), R&R adopted, 2014 WL 674098 (E.D.N.Y. Feb. 21, 2014); Traffic Sports USA v. Modelos Restaurante, Inc., No. 11 Civ. 1454 (ADS) (AKT), 2012 WL 3637585, at* 2 (Aug. 1, 2012) (same), R & R adopted, 2012 WL 3626824 (E.D.N.Y. Aug. 22, 2012); cf. Green, 420 F.3d at 109 (in the context of a motion to vacate a default judgment, the defendants' failure to respond to the complaint or "take action after receiving notice that the clerk had entered a default against them," supported a finding of willfulness).

Here, as described above, Plaintiff properly served Defendants with notice of the action, but they failed to answer the Complaint, request an extension of time in which to respond, or otherwise notify the Court of any intention to participate in this litigation.  See generally, Dkt. The Court thus finds that Defendants deliberately defaulted, establishing the requisite willfulness.

Concerning the second factor, Defendants' failure to respond or appear combined with Plaintiff's efforts to prosecute its case are sufficient to demonstrate that ignoring the default would prejudice Plaintiff, "as there are no additional steps available to secure relief in this Court." Flanagan v. N. Star Concrete Const., Inc., No. 13 Civ. 2300 (JS) (AKT), 2014 WL 4954615, at *7 (E.D.N.Y. Oct. 2, 2014) (quoting Bridge Oil Ltd. v. Emerald Reefer Lines, LLC,

11

No. 06 Civ. 14226 (RLC) (RLE), 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008)); Joseph v. HDMJ Rest., Inc., 970 F. Supp. 2d 131, 148 (E.D.N.Y. 2013) (same).

Third, Defendants cannot establish a meritorious defense because, where they have not "filed an answer, there is no evidence of any defense." Bridge Oil, 2008 WL 5560868, at *2 (citing Mason Tenders Dist. Council v. Duce Constr. Corp., No. 02 Civ. 9044 (LTS) (GWG), 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003)); see Joseph, 970 F. Supp. 2d at 143 ("Where a defendant fails to answer the complaint, courts are unable to make a determination whether the defendant has a meritorious defense to the plaintiff's allegations, and, accordingly, this factor weighs in favor of granting a default judgment.").

As all three factors are satisfied, a default judgment would be proper in the present circumstances if the Complaint were adequately pleaded. This Court considers whether the facts alleged in the Complaint establish Plaintiff's entitlement to foreclose on the Property, to extinguish subordinate liens, and appropriate damages.

## VI.    Liability and Damages

The Court must now consider whether the allegations in the Complaint, deemed admitted, establish Defendants' liability.

### A.  Plaintiff Has Standing To Bring This Action

Although Miss Jones was not an original party to the Note or the Mortgage, a plaintiff may establish standing in a mortgage foreclosure action "by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note." E. Sav. Bank, FSB v. Thompson, 632 F. App'x 13, 15 (2d Cir. 2015) (quoting Wells Fargo Bank, N.A. v. Rooney, 19 N.Y.S.3d 543, 544 (2d Dep't 2015)). A foreclosing lender can demonstrate a valid transfer of

the obligation by written assignment or physical possession.  See U.S. Bank, N.A. v. Collymore, 890 N.Y.S.2d 578, 580 (2d Dep't 2009) ("Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation and the mortgage passes with the debt as an inseparable incident.").  The Note and Mortgage were assigned and delivered to Miss Jones prior to the commencement of this action, Compl. ¶¶ 26-27, and Miss Jones confirmed that it is the current holder and owner of the Loan Documents.  Id. ¶ 30.

RPAPL §§ 1304 and 1306 further require certain additional notices to be provided to defendant borrowers and New York State, respectively, as a "condition precedent" to commencing legal foreclosure proceedings.  See RPAPL §§ 1304(3), 1306(1).  The § 1304 notices must be provided to borrowers "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against . . . borrowers at the property . . ." and must conform to certain form, procedural and substantive requirements.  See RPAPL § 1304. The § 1306 notice or notices must be filed "with the superintendent of financial services . . . within three business days of the mailing of the [1304 notice]."  RPAPL § 1306.  Here, Plaintiff has pleaded compliance with both of these provisions, and provided affidavits as to same.  See Compl. ¶¶ 37-38; ECF No. 35-8 ¶¶ 5-6; ECF Nos. 42-1, 42-2, generally.

Plaintiff has thus pled sufficient facts showing that it is the owner and holder of the Note and Mortgage, such that it has standing to bring this mortgage foreclosure action.  See Gustavia Home, LLC v. Rutty, 785 F. App'x 11, 14 (2d Cir. Sept. 16, 2019) (quoting JPMorgan Chase Nat'l Ass'n v. Weinberger, 142 A.D.3d 643, 644, 37 N.Y.S.3d 286 (2d Dep't 2016)).

**B.  Plaintiff Has Not Pleaded Nominal Liability For The Entity Defendants**

Under New York law, "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff" is a necessary party to the action.  N.Y. Real Prop. Acts. Law § 1311(3).  This rule "derives from the underlying objective of foreclosure actions to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale."  N.C. Venture I, L.P. v. Complete Analysis, Inc., 22 A.D.3d 540, 803 N.Y.S.2d 95, 98 (2d Dep't 2005).

Plaintiff does not seek any relief from Defendants Midland Funding LLC and Credit Acceptance Corp., other than to extinguish their subordinate rights, if any, in the Property under New York Real Property Actions & Proceedings Law § 1311.  Before a plaintiff may obtain such relief, however, it must at least allege "nominal liability" with respect to these defendants.  See Raghunath, 2015 WL 5772272, at *3; OneWest Bank, NA v. Serbones, 2016 WL 1295197, at *3-4 (E.D.N.Y. Mar. 7, 2016), adopted as modified by 2016 WL 1306545 (E.D.N.Y. Mar. 31, 2016); Whyte, 2015 WL 790036, at *3 (collecting cases).  To plead nominal liability, a plaintiff must allege "in great detail" the nature of a defendant's interest in the subject property.  See Wells Fargo Bank, N.A. v. Landi, 2015 WL 5657358, at *3 (E.D.N.Y. Sept. 22, 2015); Raghunath, 2015 WL 5772272, at *3-4 (finding "well-pleaded allegations of nominal liability" where plaintiff alleged "that records of the City Register of New York indicate that Citimortgage holds a lien on the premises which was assigned to Citimortgage on July 11, 2003, and recorded on April 6, 2004, at CRFN 2004000205725."); CIT Bank, N.A. v. Dambra, No. 14 Civ. 3951 (SLT) (VMS), 2015 U.S. Dist. LEXIS 158088, 2015 WL 7422348, at *6 (Sept. 25, 2015)

14

(holding nominal liability was well-pleaded where plaintiff submitted title searches reflecting monies owed), R & R adopted, 2015 U.S. Dist. LEXIS 157489, 2015 WL 7430006 (E.D.N.Y. Nov. 16, 2015) .

Here, Plaintiff alleges only that Defendants Midland Funding LLC and Credit Acceptance Corp. have "an interest in the Property as a judgment creditor."  Compl. ¶¶ 5-6. Plaintiff did not provide a title report, judgments or additional facts.  Plaintiff "never identifies the nature of these interests.  It does not even allege that these defendants are tenants of the Property."  Onewest Bank N.A. v. Louis, No. 15 Civ. 597 (PAC) (BCM), 2016 WL 3552143, at *12 (June 22, 2016), R & R adopted, 2016 WL 4059214 (S.D.N.Y. July 28, 2016).  Accordingly, this Court respectfully recommends that Plaintiff's request for default judgments against Defendants Midland Funding LLC and Credit Acceptance Corp. be denied.

As to the City, the New York Real Property Actions & Proceedings Law further requires that "[w]here the city or any department, bureau, board, commission, officer, agency or instrumentality thereof is a defendant in an action affecting real property, the complaint shall set forth . . . [d]etailed facts showing the particular nature of the interest in or lien on the real property and the reason for making such city a party defendant."  Id. § 202-a(1).  Detailed facts are shown where the complaint alleges "nominal liability-i.e., that any [liens] the Defaulting Defendants may have against the debtor, if liens on the mortgaged property, are subordinate to the plaintiff's lien."  See Bank of Am., N.A. v. 3301 Atl., LLC, No. 10 Civ. 5204 (FB), 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012) (quoting Christiana Bank & Tr. Co. v. Dalton, 2009 WL 4016507, at *5 (E.D.N.Y. Nov. 17, 2009)).  Here, Plaintiff did not support its allegations of liens encumbering the Property with title search documents alleging monies owed to the ECB

15

and TAB.  These unsupported allegations are insufficient to satisfy the requirement under N.Y. Real Prop. Acts. Law § 202 for "[d]etailed facts" related to the interest in or lien on the property.  See N.Y. Real Prop. Acts. Law § 202(1).  "Because Plaintiff has failed to provide evidence that the City Entities have liens on the Property, the Complaint does not constitute a legitimate cause of action with respect to the City entities."  Spring Homes LLC v. Rivera, No. 14 Civ. 6605 (NG) (PK), 2016 U.S. Dist. LEXIS 109533, 2016 WL 5793196, at *3 (Aug. 16, 2016), R&R adopted, 2016 WL 5716499 (E.D.N.Y. Sept. 30, 2016) (citing Onewest Bank v. Cole, No. 14 Civ. 3078 (FB) (RER), 2015 WL 4429014, at *4 (E.D.N.Y. Jul. 17, 2015)).  Liability has not, thus, been established as to Defendants ECB and TAB.  Id.; Assets Recovery Ctr. Invs., LLC v. Smith, No. 13 Civ. 253 (CBA) (CLP), 2014 WL 3525011, at *12 n.30 (Mar. 12, 2014), R&R adopted, 2014 WL 3528460 (E.D.N.Y. Jul. 15, 2014).  This Court respectfully recommends that default judgment against TAB and ECB be denied.

Accordingly, the Court respectfully recommends that Plaintiff's motion for a default judgment against against Defendants Midland Funding LLC, Credit Acceptance Corp., TAB and ECB be denied.  Mr. Brown is discussed below.

### C.  The Foreclosure And Sale Of The Property

"Under New York law, a plaintiff is entitled to foreclosure as a matter of law through the production of the mortgage, the unpaid note, and evidence of default."  Cole, 2015 U.S. Dist. LEXIS 93382, at *4 (quoting BH99 Realty, LLC v. Qian Wen Li, No. 10 Civ. 0693 (FB) (JO), 2011 U.S. Dist. LEXIS 51621, 2011 WL 1841530, at *3 (Mar. 16, 2011), R & R adopted, 2011 U.S. Dist. LEXIS 51618, 2011 WL 1838568 (E.D.N.Y. May 13, 2011)); see E. Sav. Bank, FSB v. Beach, No. 13 Civ. 0341 (JS) (AKT), 2014 U.S. Dist. LEXIS 31700, 2014 WL 923151, at *5

(E.D.N.Y. Mar. 10, 2014) (same); United States v. Leap, No. 11 Civ. 4822 (DRH) (WDW), 2014 U.S. Dist. LEXIS 49450, 2014 WL 1377505, at *2 (Feb. 18, 2014) ("In the usual course, once a plaintiff mortgagee in a foreclosure action has established a prima facie case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor."), R & R adopted, 2014 U.S. Dist. LEXIS 48415, 2014 WL 1383139 (E.D.N.Y. Apr. 8, 2014).

Here, Plaintiff has provided the Court with the mortgage, note and assignments. ECF No. 35-7 pp. 4-20. Plaintiff has also provided evidence of Mr. Brown's default through the sworn affidavit of SN Servicing Corporation employee, Asset Manager Eric Wright. ECF No. 35-8 ¶3 (Affidavit of Eric Wright dated September 4, 2019). Mr. Wright's affidavit avers that on January 16, 2011, Mr. Brown "defaulted under the terms of the Note and Mortgage by failing to make the monthly installment payment due on that day . . . and by failing to make all subsequent monthly installment payments due thereafter . . . through the present day." This is sufficient to establish Plaintiff's prima facie case against Mr. Brown, "and in the absence of any showing to the contrary by any of the defendants, . . . demonstrate[s] its entitlement to a judgment of foreclosure and an award of the amount of the unpaid principal, plus accrued interest." Gustavia Home, LLC v. Derby, No. 16 Civ. 4260 (ENV) (SMG), 2018 U.S. Dist. LEXIS 151203, at *7, 2018 WL 4956719 (Aug. 31, 2018), R & R adopted, 2018 U.S. Dist. LEXIS 80896, 2018 WL 4954110 (E.D.N.Y. Oct. 12, 2018); see Windward Bora LLC v. Baez, No. 19 Civ. 5698 (PKC) (SMG), 2020 U.S. Dist. LEXIS 131546, at *5-6 (E.D.N.Y. July 24, 2020); Freedom Mortg. Corp. v. Michelle Heirs, No. 19 Civ. 1273 (KMK), 2020 WL 3639989, 2020 U.S. Dist. LEXIS 119135, at *8 (S.D.N.Y. July 6, 2020); Cole, 2015 U.S. Dist. LEXIS 93382, at **9-11.

Plaintiff also suggests the Court "appoint[] a Special Master . . . to ascertain and compute, the amounts due Plaintiff under the mortgage being foreclosed, and to examine and report whether the mortgaged property can be sold in one parcel pursuant to FRCP 53; and . . . to conduct the foreclosure sale . . . ." ECF No. 35 ¶¶ b, f. Courts in this Circuit have permitted such appointments where the plaintiff "established a prima facie case by presenting a note, a mortgage, and proof of default." E. Sav. Bank, FSB v. Evancie, No. 13 Civ. 878 (ADS) (WDW), 2014 U.S. Dist. LEXIS 55423, 2014 WL 1515643, at *4 (E.D.N.Y. Apr. 18, 2014) (permitting a referee to be appointed); see Cole, 2015 U.S. Dist. LEXIS 93382, at **11-12 (naming a specific referee to be appointed). This Court therefore respectfully recommends that Plaintiff's motion be granted as against Mr. Brown, and the Property be foreclosed and sold, with proceeds to be applied against the amounts owed on the Note, as described below, and that a referee be appointed to, inter alia, effectuate the sale of the Property.[5]

**D. Damages Due On The Note**

The Court will next consider the total amounts owed by Mr. Brown on the Note. On a motion for default judgment, "any determination of default damages should be determined under the terms of the Note[] and Mortgage[] . . . ." Builders Bank v. Rockaway Equities, LLC, No. 08 Civ. 3575 (MDG), 2011 U.S. Dist. LEXIS 107409, 2011 WL 4458851, at *5 (E.D.N.Y. Sept. 23, 2011). Here, as discussed above, Plaintiff has provided both of these documents, as well as an affidavit from Eric Wright, Asset Manager, who reviewed Plaintiff's business records and

---

[5] Plaintiff in this action has not requested that a specific referee or special master be appointed. Therefore, this Court respectfully recommends that, within twenty-one days of the adoption of this Report and Recommendation, if it is adopted, Plaintiff be required to propose three such individuals by letter to the Court, with a brief description of each of their qualifications.

18

affirmed that the total amount due on the Note as of September 9, 2019, was $144,855.60. ECF

No. 35-8 ¶ 7. Plaintiff reached that total by adding the $73,758.69 in principal owed, the

$70,205.52 in unpaid accrued interest as of September 9, 2019, calculated at 10.90% per annum

($22.03 per diem) as provided under the terms of the Note (ECF No. 35-7 ¶ 2) and accruing since

January 1, 2011, as well as $891.39 in fees allegedly permitted by the Note and the Mortgage. Id.

¶¶ 7-11. These fees consisting of $608.88 in late charges and $282.51 in "corporate advances."

Id. ¶¶ 10, 11. Although the late charges are self-explanatory and explicitly provided for under

the terms of both the Note and Mortgage (ECF No. 35-7 p. 4 ¶ 4(A); 35-7 p. 11 ¶ 1), it is not

clear from a review of the papers to what the "corporate advance" charges refer, only that they

came from a prior loan servicer. See ECF No. 35-8 p. 22. It is similarly unclear how these

"corporate advance" charges constitute "amounts that Lender spen[t] under th[e] Mortgage to

protect the value of the Property and Lender's rights in the Property . . . ." Id. 35-8 ¶ 10. The

Court therefore cannot determine whether these amounts are provided for under the terms of the

Note or Mortgage, and recommends that Plaintiff's request to recover these "corporate advance"

charges be denied. This Court respectfully recommends that judgment against Mr. Brown be

entered in the amount of $144,573.09 as of September 9, 2019, with further accrued interest

awarded at the per diem rate of $22.03 until the date judgment is entered herein.

### E. Attorneys' Fees and Costs

Under the terms of the Note, Plaintiff is entitled to "be paid back for all of its costs and

expenses to the extent not prohibited by applicable law . . . includ[ing] . . reasonable attorneys'

fees." ECF No. 35-7 p. 4 ¶ 4(D); see Mortgage, ECF No. 35-7 p. 14 ¶ 20 ("In any lawsuit for

foreclosure and sale, Lender will have the right to collet all costs and expenses of the foreclosure

and sale allowed by law."). Although the Complaint and Attorney Affirmation in Support of Plaintiff's Motion requests reasonable attorneys' fees and costs, the former are not briefed in Plaintiff's moving papers, nor are fees part of the proposed form of default judgment provided by Plaintiff. Compare ECF Nos. 35-1 ¶ 11; 35-2 p. 9 ¶ 43, with ECF Nos. 35; 35-6 generally; pp.7-8, ECF No. 12-9. The Court thus recommends that attorney's fees not be awarded in connection with any default judgment awarded herein.

As to costs, "[r]easonable and identifiable out-of-pocket disbursements ordinarily charged to clients are recoverable." Cole, 2015 U.S. Dist. LEXIS 93382, 2015 WL 4429014, at *7; see generally LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998). Here, Plaintiff has not requested or briefed any further costs. See ECF No. 35, generally. This Court thus respectfully recommends that costs not be awarded.

## VII.    CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the District Court: (i) order the foreclosure and sale of the Property, and the appointment of a referee to be identified by the Court after additional submissions; (ii) enter a default judgment for damages against Mr. Brown and in favor of the Plaintiff for $144,573.09 as of September 9, 2019, with further accrued interest awarded at the per diem rate of $22.03 until the date of judgment; (iii) deny Plaintiff's motion as against Midland Funding LLC, Credit Acceptance Corp., ECB and TAB; and (iv) within 21 days of the adoption of this Report and Recommendation, if it is adopted,

Plaintiff be required to propose three referees by letter to the Court, with a brief description of their qualifications.[6]

## VIII.    OBJECTIONS

A Copy of this report and recommendation is being provided to Plaintiff's counsel via ECF.  The Court will mail a copy of this report and recommendation to Al-Vaughn Brown, 997 Schenectady Avenue, Brooklyn, New York 11203; Credit Acceptance Corp., 25505 W 12 Mile Road, Suite 3000, Southfield, Michigan 48034; Midland Funding LLC, 8875 Aero Drive, Suite 200, San Diego, California 92123; New York City Environmental Control Board, 59-17 Junction Boulevard, Corona, New York 11358; and, New York City Transit Adjudication Bureau, 29 Gallatin Place, 3rd Floor, Brooklyn, New York 11201).

---

[6] In light of the COVID-19 pandemic, New York's Governor, Andrew Cuomo, has issued (inter alia) Executive Order 202.28 which provides in relevant part: "[t]here shall be no initiation of a proceeding or enforcement of either an eviction of any residential or commercial tenant, for nonpayment of rent or a foreclosure of any residential or commercial mortgage, for nonpayment of such mortgage, owned or rented by someone that is eligible for unemployment insurance or benefits under state or federal law or otherwise facing financial hardship due to the COVID-19 pandemic for a period of sixty days beginning on June 20, 2020."  Executive Order (A. Cuomo) No. 202.28.  As of the date of this Report and Recommendation, the record does not include any evidence that Mr. Brown is entitled to the protections of this order.

Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.  See Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge]'s report operates as a waiver of any further judicial review of the magistrate [judge]'s decision.").

Dated: August 14, 2020

    Brooklyn, New York

                                                    _Vera M. Scanlon_
                                          _____
                                                    VERA M. SCANLON
                                              United States Magistrate Judge