UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────
MISS JONES LLC,

                  Plaintiff

        -against-

AL-VAUGHN BROWN; MIDLAND FUNDING LLC;
CREDIT ACCEPTANCE CORP.; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; NEW YORK
CITY PARKING VIOLATIONS BUREAU; and NEW
YORK CITY TRANSIT ADJUDICATION BUREAU,

                  Defendants.
───────────────────────────────

ORDER
17-CV-898 (NGG) (VMS)

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Miss Jones LLC brings this action against Defendants Al-Vaughn Brown, Midland Funding LLC, Credit Acceptance Corp., New York City Environmental Control Board, New York City Parking Violations Bureau,[1] and New York City Transit Adjudication Bureau, seeking to foreclose on a mortgage encumbering real property at 997 Schenectady Avenue, Brooklyn, New York (the "Property"). Pending before the court is Plaintiff's motion for default judgment, which the court referred to Magistrate Judge Vera M. Scanlon for a report and recommendation ("R&R"). (*See* Mot. for Default Judgment (Dkt. 35); Sept. 9, 2019 Order Referring Mot.) Judge Scanlon issued the annexed R&R on August 14, 2020, recommending that the court (i) order the foreclosure and sale of the Property, and the appointment of a referee to be identified by the court after additional submissions; (ii) enter a default judgment for damages against defendant Al-Vaughn Brown and in favor of Plaintiff for $144,573.09 as of September 9, 2019, with further accrued interest awarded at the per diem rate of $22.03 until the date of judgment; (iii) deny Plaintiff's motion as against Midland Funding

---

[1] Plaintiff voluntarily dismissed this action as against the defendant New York City Parking Violations Bureau on or about September 6, 2019. (Dkt. 36.)

1

LLC, Credit Acceptance Corp., New York City Environmental Control Board, and New York City Transit Adjudication Bureau;[2] and (iv) require Plaintiff to propose three referees by letter within 21 days of the adoption of the R&R. (R&R (Dkt. 43) at 20-21.)

No party has objected to Judge Scanlon's R&R, and the time to do so has passed. *See* Fed. R. of Civ. P. 72(b)(2). Therefore, the court reviews the R&R for clear error. *See Gesualdi v. Mack Excavation & Trailer Serv., Inc.*, No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). Having found none, the court ADOPTS the R&R in relevant part[3] and, as recommended by Judge Scanlon, (i) ORDERS the foresclosure and sale of the Property and the appointment of a referee to be identified by the court after additional submissions; (ii) ENTERS a default judgment for damages against defendant Al-Vaughn Brown and in favor of Plaintiff for $152,614.04;[4] and (iii) DIRECTS Plaintiff to propose by letter to the court three referees, with a brief description of their qualifications, by September 29, 2020.

SO ORDERED.

---

[2] Following the entry of Judge Scanlon's R&R, Plaintiff voluntarily dismissed this action as against the defendants Midland Funding LLC, Credit Acceptance Corp., New York City Environmental Control Board, and New York City Transit Adjudication Bureau. (Dkt. 44.)

[3] The court dismisses (rather than denies, as recommened by Judge Scanlon) the motion as against defendants Midland Funding LLC, Credit Acceptance Corp., New York City Environmental Control Board, and New York City Transit Adjudication Bureau, in light of Plaintiff's voluntary dismissal of its action against those defendants.

[4] Judge Scanlon recommended judgment in the amount of $144,573.09 as of September 9, 2019, as well as further accrued interest awarded at the per diem rate of $22.03 until the date of judgment. 365 days have elapsed between September 9, 2019 and the date of judgment, September 8, 2020. The court therefore awards interest in the amount of $8,040.95.

Dated: Brooklyn, New York
September 8, 2020

    /s/ Nicholas G. Garaufis  
NICHOLAS G. GARAUFIS
United States District Judge